IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JOAN MAERTIN, Executrix of the Estate of Lothar Maertin, et al., | |
| Plaintiffs, | Civil No. 01-5321 (JBS) |
| v. | |
| ARMSTRONG WORLD INDUSTRIES, INC., et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the February 12, 2007 informal letter application of John J. Lawson, Esquire, attorney for Cravens, Dargan Company, Pacific Coast, as managing general agent of Central National Insurance Company of Omaha, and International Insurance Company. [Doc. No. 201]. The letter brief addresses a discovery dispute with defendant Liberty Mutual Insurance Company ("Liberty"). Liberty opposes the requested discovery and submitted a February 20, 2007 letter brief in support of its defense. For the reasons to be discussed, the moving parties' request is DENIED subject to the directives in this Opinion and Order.

The parties in this case are well versed in the background facts which will not be set forth herein at length. The background facts have already been summarized in detail by the Honorable Jerome B. Simandle in his Opinions dated June 15, 2005, March 29,

2006 and July 19, 2006 [Doc. Nos. 130, 167, 180].  Suffice it to say that this is declaratory judgment action arising out of the $7 million settlement of a products liability toxic tort suit against Armstrong World Industries, Inc.  The parties are disputing the appropriate allocation of insurance coverage amongst the different insurer defendants.

With reference to the discovery dispute at issue, the moving parties allege that Liberty "just recently informed the parties ..., that the available limits for its policy incepting on January 1, 1983 are impaired by $25,126 and that limits for the policy incepting on January 1, 1984 are impaired by $102,411." See Letter Brief at 1.  The moving parties further argue:

> Even though impairment of policy limits information (and documentation) have been the subject of long-outstanding discovery requests, Liberty Mutual did not produce any information/documentation concerning these impairments.  Amazingly, it never claimed impairment of these two policies prior to the filing of its opposition on December 22, 2006.

Id.  The moving parties demand that Liberty produce "information/documentation" regarding the alleged "impairments."  Id.  In opposition Liberty argues, inter alia, that the moving parties were provided with the requested information in a computerized "loss run more than two years ago."  See Liberty's

2

February 20, 2007 Letter Brief at 3.[1]  Liberty  also argues that the requested information is irrelevant because "[t]he requested claims files encompass 50 claims that are wholly unrelated to the claims at issue in this litigation." Id. at 4.  In addition, Liberty argues it would be unduly burdensome to produce the requested claims files since the claims were handled in 27 offices around the country and, "it is unlikely that any of the files were indexed in the electronic inventory system for files maintained in off-site storage." Id. at 2.  Moreover, Liberty argues that it has produced a computerized "loss run" to the moving parties, which is the best available evidence regarding the claims at issue.

As the parties are well aware, this case has a long history and arises out of a settlement agreement plaintiffs entered into with Armstrong on November 22, 2000.  This action was filed on May 14, 2001 and is now almost six (6) years old.  Since the inception of this case the parties have engaged in substantial motion practice and discovery.  The parties are finally at the end of the discovery phase of the case.  On December 19, 2006, this Court entered an Amended Scheduling Order extending pretrial fact discovery to February 15, 2007 [Doc. No. 190].  In view of the long history of this case and the extensive discovery and motion

_____

[1]Liberty represents that its November 9, 2004 Opposition to Plaintiffs' Motion for Summary Judgment [Doc. No. 103] "specifically identified the impairment status of the Liberty Mutual Policies."

practice that has already taken place, this Court is not prepared to open the door to additional significant discovery at this late date.   This is especially true given the fact that the moving parties request discovery regarding a "loss run" that was produced in November 2004.   No adequate explanation has been proffered to demonstrate good cause to open the floodgates to discovery at this late date.   See Fed. R. Civ. P. 26(b)(2)(ii)(the Court may limit discovery where "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought").

Moreover, the Court is exercising its discretion to deny the moving parties' request pursuant to Fed. R. Civ. P. 26(b)(2)(iii). This Rule provides that discovery shall be limited if the Court determines "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Although the requested discovery may have some marginal relevance to a limited issue to be ultimately decided in the case, the burden and expense to obtain the requested discovery far outweighs its usefulness.

Nevertheless, in order to accommodate the moving parties' legitimate interests in assuring itself that the subject Liberty

insurance policies are impaired to the extent Liberty represents, the Court will grant the moving parties a limited right to take discovery.  Liberty is directed to produce within one (1) week of the date of the entry of this Order an Affidavit from an authorized representative of the company attesting to the fact that the "loss run" qualifies as a "business record" pursuant to Fed. R. Evid. 803(6).  If requested by the moving parties, they are granted leave to take the deposition of Liberty's affiant.  If the moving parties elect to take this deposition it shall be completed by March 26, 2007.  The deposition is limited to four (4) hours and if out-of-town travel is required, the deposition shall be taken by telephone or videoconference.

The Court emphasizes that this Opinion and Order <u>does</u> <u>not</u> address the admissibility of Liberty's "loss run" at trial.  The moving parties preserve all of their evidentiary objections to the "loss run."

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this **8th** day of **March, 2007**, that the request of Central National and International for the additional documents and information requested in their February 12, 2007 letter application is DENIED; and

IT IS FURTHER ORDERED that Liberty shall produce the Affidavit described in this Order within one (1) week of the date of entry of this Opinion and Order.  The moving parties are granted leave to

take the deposition of Liberty's affiant in accordance with the directives in this Opinion and Order which must be completed by March 26, 2007.

S/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge